IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| MARIA LOPEZ, | § § § | |
| Plaintiff, | § § | |
| v. | § § | 1:18-CV-338-RP |
| LOWE'S HOME CENTERS, LLC, | § § § | |
| Defendant. | § § | |

## **ORDER**

Before the Court is Plaintiff Maria Lopez's ("Lopez") Motion to Remand, (Dkt. 3), and the response filed by Defendant Lowe's Home Centers, LLC ("Lowe's"), (Dkt. 4). Having considered the parties' submissions, the record, and the applicable law, the Court will grant Lopez's motion.

## **I. DISCUSSION**

Lopez filed this action in Hays County Court at Law No. 2 in October 18, 2017. (Orig. Pet., Dkt. 1-3). Lopez alleges that she was injured in a San Marcos Lowe's while shopping and seeks to hold Lowe's liable for violations of Texas law. (*Id.* at 2). Lopez alleges that she "seeks monetary relief of less than $75,000.00." (*Id.* at 3).

Lowe's removed the case to this Court on April 25, 2018, on the basis of this Court's diversity jurisdiction. (Not. Removal, Dkt. 1). According to Lowe's, Lopez produced a document in discovery on March 28, 2018, that revealed the amount in controversy to exceed $75,000. (Not. Removal, Dkt. 1, at 2).[1] The document at issue is an estimate for surgical procedures costing over $200,000. (Estimate, Dkt. 1-9).

---

[1] A defendant may remove any civil action from state court to a district court of the United States that has original jurisdiction. 28 U.S.C. § 1441. District courts have original jurisdiction over all civil actions that are between citizens of different states and involve an amount in controversy in excess of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). Diversity jurisdiction "requires complete diversity— if any plaintiff is a citizen of the same State as any defendant, then diversity jurisdiction does not exist." *Flagg v. Stryker Corp.*, 819 F.3d 132, 136 (5th Cir. 2016). Lopez does

Lopez avers that the estimate was made in June 2015, months before she was injured at Lowe's in November 2015. (Mot. Remand, Dkt. 3, at 1). Lowe's says that the estimate is nonetheless relevant because Lopez produced it in discovery and is seeking past and future medical expenses. (Resp. Mot. Remand, Dkt. 4, at 2). Because "it would appear that Plaintiff is alleging . . . aggravation of a prior injury," Lowe's speculates that the estimate is probative of Lopez's damages. (*Id.*).

Resolution of this issue turns on the parties' burden of proof. The party seeking removal "bears the burden of establishing that federal jurisdiction exists and that removal was proper." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). To determine the amount in controversy, "the plaintiff's claim remains presumptively correct unless the defendant can show by a preponderance of the evidence that the amount in controversy is greater than the jurisdictional amount. . . . The defendant must produce evidence that establishes that the actual amount in controversy exceeds $[75],000." *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995). Only if the defendant meets its burden must it then "appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." *Id.* (citing S*t. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938)). The removal statute must "be strictly construed, and any doubt about the propriety of removal must be resolved in favor of remand." *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007).

Here, the Court finds that Lowe's has not met its burden to prove that the amount in controversy exceeds $75,000. The surgical estimate pertains to an injury suffered prior to the incident at issue in this action. Lowe's can only speculate about its relevance to Lopez's damages. At best it creates a doubt about whether Lopez's damages exceed $75,000, but any doubts "must be resolved in favor of remand." *Gasch*, 491 F.3d at 281–82.

---

not dispute the diversity of the parties. (*See* Mot. Remand, Dkt. 3). The only issue before the Court is whether the amount in controversy requirement is satisfied.

Accordingly, **IT IS ORDERED** that Lopez's Motion for Remand, (Dkt. 3), is **GRANTED**. This case is **REMANDED** to County Court at Law No. 2 of Hays County, Texas. The Clerk of the Court shall **CLOSE** this case.

**SIGNED** on September 19, 2018.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE